UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

..................................................

| | |
|---|---|
| UNITED STATES OF AMERICA, | JUDGMENT INCLUDING SENTENCE |
| VS. | NO. CR 04-454-01(S-2)(JG) |
| | USM# 70932-053 |
| MAUREENA TURNBULL | |

*NOV 23 2005*

BROOKLYN OFFICE

..................................................

| Winston Y. Chan | Holly Driscoll | Trevor L.F. Headley, Esq. |
|---|---|---|
| Assistant United States Attorney | Court Reporter | Defendant's Attorney |

The defendant **Maureena Turnbull** having pled guilty to count two a superseding indictment accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| **TITLE AND SECTION** | **NATURE OF OFFENSE** | **COUNT NUMBERS** |
|---|---|---|
| 18USC1029(a)(2), | FRAUD IN CONNECTION WITH ACCESS DEVICES | TWO |

The defendant is sentenced as provided in pages 2 through 4 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.

___ The defendant is advised of his/her right to appeal within ten (10) days.
___ The defendant has been found not guilty on count(s) and discharged as to such count(s)
_X_ Open counts are dismissed on the motion of the United States.
___ The mandatory special assessment is included in the portion of Judgment that imposes a fine.
_X_ **It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due immediately.**

It is further **ORDERED** that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

**NOVEMBER 16, 2005**
Date of Imposition of sentence

s/John Gleeson
JOHN GLEESON, U.S.D.J.

Date of signature
A TRUE COPY ATTEST
DEPUTY CLERK

*[signature]*

DEFENDANT: MAUREENA TURNBULL
CASE NUMBER: CR 04-454-01(S-2)(JG)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: **TWENTY (24) MONTHS.**

___ The defendant is remanded to the custody of the United States Marshal.

___ The defendant shall surrender to the United States Marshal for this District.

**X** The Court recommends that the defendant be designated to a correctional facility that can provide mental health treatment.

**X** The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    **X** -12:00 noon, 1/27/06_____.
    ___ As notified by the United States Marshal.
    ___ As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this Judgment.

_____
United States Marshal

By: _____

## SUPERVISED RELEASE

Upon release from Imprisonment, the defendant shall be on supervised release for a term of: **THREE (3) YEARS.**

**The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

While on supervised release, the defendant shall not commit another Federal, State, or Local crime and shall comply with the standard conditions that have been adopted by this Court (Seaforth on the following page).

The defendant is prohibited from possessing a firearm.

The defendant shall not illegally possess a controlled substance.

If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

    _ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

**THE DEFENDANT IS TO RECEIVE MENTAL HEALTH TREATMENT; MAKE FULL FINANCIAL DISCLOSURE UNDER THE DIRECTION AND SUPERVISION OF THE PROBATION DEPARTMENT AND COMPLIANCE WITH THE ORDER OF RESTITUTION IN WHICH A HEARING HAS BEEN SCHEDULED FOR 1/10/06 TO DETERMINE THE AMOUNT; COMPLY WITH ORDER OF FORFEITURE A COPY OF WHICH IS ATTACHED.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA,

- against -

04 CR 454 (S-1)(JG)

MAUREENA TURNBULL,

Defendant.

------------------------------------X

## CONSENT ORDER OF FORFEITURE AS TO DEFENDANT MAUREENA TURNBULL AND THIRD-PARTY SIGNATORY ROOSEVELT TURNBULL

WHEREAS, in the forfeiture allegations of the above-captioned Superseding Indictment, the United States of America (the "United States") seeks forfeiture of property of the Defendant Maureena Turnbull ( the "Defendant"), pursuant to 15 U.S.C. § 1644, 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), that is property constituting or derived from proceeds traceable to credit card fraud;

WHEREAS, on June 20, 2005, the Defendant entered a plea of guilty before the Honorable Marilyn D. Go, which plea has been accepted; and

WHEREAS, the United States and the Defendant and Third Party Signatory Roosevelt Turnbull ("Third Party Signatory") now desire to enter into an agreement and resolve the forfeiture allegations of the Superseding Indictment as they pertain to the Defendant.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, ON CONSENT, by and between the United States, the Defendant and the Third Party Signatory as follows:

1. The Defendant shall forfeit to the United States, pursuant to 15 U.S.C. § 1644, 28

*United States v. Maureena Turnbull*
Cr. 04-454 (JG)

U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), the sum of three hundred thousand dollars ($300,000.00) in United States currency (the "Forfeiture Money Judgment"), which amount shall be due, without interest, by one week from the date of closing on the real premises known as and located at 207 Redwood Bark Trail, Kissimmee, Florida, ("the 207 Redwood Bark Trail premises"), and in any event within 60 days of this Order (the "Due Date").

2. In satisfaction of the Forfeiture Money Judgment, pursuant to ~~15 U.S.C. § 1644,~~ 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), the Defendant and the Third Party Signatory shall forfeit to the United States: (a) all of their right, title and interest in all funds on deposit in, or transferred to or through, Chase Bank account nos. 173-0735937-01, 173-0735937-65, 112-0636994-65, 112-6080110-01, held in the name of Maureena Turnbull and Roosevelt Turnbull, and all proceeds traceable thereto; (b) all of their right, title and interest in all funds on deposit in, or transferred to or through, Bank of America account no. 3448-338768, held in the name of Maureena Turnbull and Roosevelt Turnbull, and all proceeds traceable thereto; (c) approximately $70,000 in United States currency, more or less, seized by law enforcement officers during a search of the safe deposit box in the names of Maureena Turnbull and Roosevelt Turnbull at Chase Bank in Valley Stream, New York, on April 14, 2004; (d) approximately $50,000 in United States currency, more or less, seized by law enforcement officers during a search of the 207 Redwood Bark Trail premises; and (e) $180,000 of the proceeds from the sale of the 207 Redwood Bark Trail premises. The closing costs in connection with the 207 Redwood Bark Trail premises shall be itemized for the United States in advance of closing and are subject to approval by the United States Attorney's Office. Upon payment of the Forfeiture Money

Judgment in full, the appearance bond entered in this case secured against the 207 Redwood Bark Trail premises shall be vacated. The Third Party Signatory's consent to the forfeiture of the aforementioned monies and assets is not a concession or admission of fault.

3. In the event the Forfeiture Money Judgment is not fully paid by the Due Date, interest will accrue on the Forfeiture Balance at the judgment rate of interest ("Judgment Interest") from that date.

4. The United States Marshals Service is hereby authorized to deposit any and all amounts paid as against the Forfeiture Money Judgment and the Judgment Interest into an interest-bearing escrow account pending further order of the Court, and any interest earned thereon shall be credited to the Forfeiture Fund and shall not reduce the Forfeiture Money Judgment.

5. Any payment required under this Consent Order of Forfeiture shall be made by electronic wire transfer to the account of the United States Marshals Service for the Eastern District of New York, or by a certified or bank check payable to the "United States Marshals Service, Eastern District of New York" delivered to Assistant U.S. Attorney Kenneth A. Stahl, 147 Pierrepont St, 14th Floor, Brooklyn, New York.

6. The Defendant and the Third Party Signatory hereby agree not to assert any claim or assist any other person to assert any claim to any of the monies and properties forfeited pursuant to this Consent Order in any administrative or judicial proceeding, waive their right to any required notice concerning the forfeiture, waive their right, if any, to trial by jury of the forfeiture allegations, and waive any and all defenses to the forfeiture described in this Consent

Order, including, but not limited to, defenses based on double jeopardy, *ex post facto* application of any applicable statute, any applicable statute of limitations, or the Excessive Fines Clause of the Eighth Amendment.

7. This Consent Order shall be final and binding only upon the Court's "so ordering" of the order.

8. Upon entry of this Consent Order, the United States Attorney General or designee is authorized to seize the funds and properties referenced in paragraph 2 above, conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3), and commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

9. The United States shall publish notice of the order and its intent to dispose of the forfeited funds in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the forfeited funds and properties. The United States intends to make the forfeited funds available to eligible victims, pursuant to 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9 and Attorney General Order No. 2088-97 (June 14, 1997.)

10. Any person, other than the Defendant or the Third Party Signatory, asserting a legal interest in the subject properties may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

*United States v. Maureena Turnbull*
Cr. 04-454 (JG)

Page 4 of 7

11. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Consent Order, together with Supplemental Consent Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

12. The Defendant and the Third Party Signatory hereby consent to the forfeiture of the monies and properties described above, as provided by Fed. R. Crim. P. 32.2.

13. The United States shall have clear title to the forfeited monies and properties identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

14. The Defendant and Third Party Signatory represent that they have the full power and authority to enter into this Consent Order and to perform the obligations set forth herein, and that this Consent Order is being executed on their behalf by a person who is fully authorized to do so. The Defendant and Third Party Signatory represent that, apart from the Defendant and Third Party Signatory, no other persons have ownership interests in the monies and properties being forfeited.

15. This Consent Order shall be binding upon the successors, administrators, heirs, assigns and transferees of the Defendant and the Third Party Signatory, and shall survive any bankruptcy of the Defendant and the Third Party Signatory.

16. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Consent Order.

*United States v. Maureena Turnbull*
Cr. 04-454 (JG)                                                                                           Page 5 of 7

17. The Defendant and the Third Party Signatory shall execute all documents as required to consummate or perfect the transfer or conveyance of the properties and assets referenced in this Consent Order.

Dated: Brooklyn, New York
_____, 2005

Signed 6/20

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York

By: _____
Kenneth A. Stahl
Assistant U.S. Attorney

**CONSENTED AND AGREED TO BY:**

_____         _____
MAUREENA TURNBULL                  Trevor Headley, Esq.
                                   Counsel for Maureena Turnbull

On the   day of _____, 2005, before
me, the undersigned, personally appeared Maureena Turnbull
personally known to me or proved to me on the basis of satisfactory evidence
to be the individual whose name is subscribed
to the within instrument and acknowledged to me
that he executed the same, and that by
his signature on the instrument, the individual executed
the instrument.

_____
NOTARY PUBLIC

*United States v. Maureena Turnbull*
Cr. 04-454 (JG)

CONSENTED AND AGREED TO BY:

_____          _____
ROOSEVELT TURNBULL                       Peter S. Fabi—, Esq.
                                         Counsel for Roosevelt Turnbull

On the ___ day of ___Jun___, 2005, before
me, the undersigned, personally appeared Roosevelt Turnbull
personally known to me or proved to me on the basis of satisfactory evidence
to be the individual whose name is subscribed
to the within instrument and acknowledged to me
that he executed the same, and that by
his signature on the instrument, the individual executed
the instrument.


_____
NOTARY PUBLIC


Dated:


IT IS SO ORDERED:

_____
HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE

*United States v. Maureena Turnbull*
Cr. 04-454 (JG)                                                          Page 7 of 7

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

8) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons:

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.