UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*NOV 23 2005*

BROOKLYN OFFICE

------------------------------X

UNITED STATES OF AMERICA,

- against -                                        04 CR 454 (S-1)(JG)

MAUREENA TURNBULL,

Defendant.

------------------------------X

## CONSENT ORDER OF FORFEITURE AS TO DEFENDANT MAUREENA TURNBULL AND THIRD-PARTY SIGNATORY ROOSEVELT TURNBULL

WHEREAS, in the forfeiture allegations of the above-captioned Superseding Indictment, the United States of America (the "United States") seeks forfeiture of property of the Defendant Maureena Turnbull ( the "Defendant"), pursuant to 15 U.S.C. § 1644, 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), that is property constituting or derived from proceeds traceable to credit card fraud;

WHEREAS, on June 20, 2005, the Defendant entered a plea of guilty before the Honorable Marilyn D. Go, which plea has been accepted; and

WHEREAS, the United States and the Defendant and Third Party Signatory Roosevelt Turnbull ("Third Party Signatory") now desire to enter into an agreement and resolve the forfeiture allegations of the Superseding Indictment as they pertain to the Defendant.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, ON CONSENT, by and between the United States, the Defendant and the Third Party Signatory as follows:

1. The Defendant shall forfeit to the United States, pursuant to ~~15 U.S.C. § 1644, 28~~ 

*United States v. Maureena Turnbull*
Cr. 04-454 (JG)

U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), the sum of three hundred thousand dollars ($300,000.00) in United States currency (the "Forfeiture Money Judgment"), which amount shall be due, without interest, by one week from the date of closing on the real premises known as and located at 207 Redwood Bark Trail, Kissimmee, Florida, ("the 207 Redwood Bark Trail premises"), and in any event within 60 days of this Order (the "Due Date").

2. In satisfaction of the Forfeiture Money Judgment, pursuant to ~~15 U.S.C. § 1644,~~ 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), the Defendant and the Third Party Signatory shall forfeit to the United States: (a) all of their right, title and interest in all funds on deposit in, or transferred to or through, Chase Bank account nos. 173-0735937-01, 173-0735937-65, 112-0636994-65, 112-6080110-01, held in the name of Maureena Turnbull and Roosevelt Turnbull, and all proceeds traceable thereto; (b) all of their right, title and interest in all funds on deposit in, or transferred to or through, Bank of America account no. 3448-338768, held in the name of Maureena Turnbull and Roosevelt Turnbull, and all proceeds traceable thereto; (c) approximately $70,000 in United States currency, more or less, seized by law enforcement officers during a search of the safe deposit box in the names of Maureena Turnbull and Roosevelt Turnbull at Chase Bank in Valley Stream, New York, on April 14, 2004; (d) approximately $50,000 in United States currency, more or less, seized by law enforcement officers during a search of the 207 Redwood Bark Trail premises; and (e) $180,000 of the proceeds from the sale of the 207 Redwood Bark Trail premises. The closing costs in connection with the 207 Redwood Bark Trail premises shall be itemized for the United States in advance of closing and are subject to approval by the United States Attorney's Office. Upon payment of the Forfeiture Money

Judgment in full, the appearance bond entered in this case secured against the 207 Redwood Bark Trail premises shall be vacated. The Third Party Signatory's consent to the forfeiture of the aforementioned monies and assets is not a concession or admission of fault.

3. In the event the Forfeiture Money Judgment is not fully paid by the Due Date, interest will accrue on the Forfeiture Balance at the judgment rate of interest ("Judgment Interest") from that date.

4. The United States Marshals Service is hereby authorized to deposit any and all amounts paid as against the Forfeiture Money Judgment and the Judgment Interest into an interest-bearing escrow account pending further order of the Court, and any interest earned thereon shall be credited to the Forfeiture Fund and shall not reduce the Forfeiture Money Judgment.

5. Any payment required under this Consent Order of Forfeiture shall be made by electronic wire transfer to the account of the United States Marshals Service for the Eastern District of New York, or by a certified or bank check payable to the "United States Marshals Service, Eastern District of New York" delivered to Assistant U.S. Attorney Kenneth A. Stahl, 147 Pierrepont St, 14th Floor, Brooklyn, New York.

6. The Defendant and the Third Party Signatory hereby agree not to assert any claim or assist any other person to assert any claim to any of the monies and properties forfeited pursuant to this Consent Order in any administrative or judicial proceeding, waive their right to any required notice concerning the forfeiture, waive their right, if any, to trial by jury of the forfeiture allegations, and waive any and all defenses to the forfeiture described in this Consent

Order, including, but not limited to, defenses based on double jeopardy, *ex post facto* application of any applicable statute, any applicable statute of limitations, or the Excessive Fines Clause of the Eighth Amendment.

7. This Consent Order shall be final and binding only upon the Court's "so ordering" of the order.

8. Upon entry of this Consent Order, the United States Attorney General or designee is authorized to seize the funds and properties referenced in paragraph 2 above, conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3), and commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

9. The United States shall publish notice of the order and its intent to dispose of the forfeited funds in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the forfeited funds and properties. The United States intends to make the forfeited funds available to eligible victims, pursuant to 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9 and Attorney General Order No. 2088-97 (June 14, 1997.)

10. Any person, other than the Defendant or the Third Party Signatory, asserting a legal interest in the subject properties may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

11. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Consent Order, together with Supplemental Consent Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

12. The Defendant and the Third Party Signatory hereby consent to the forfeiture of the monies and properties described above, as provided by Fed. R. Crim. P. 32.2.

13. The United States shall have clear title to the forfeited monies and properties identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

14. The Defendant and Third Party Signatory represent that they have the full power and authority to enter into this Consent Order and to perform the obligations set forth herein, and that this Consent Order is being executed on their behalf by a person who is fully authorized to do so. The Defendant and Third Party Signatory represent that, apart from the Defendant and Third Party Signatory, no other persons have ownership interests in the monies and properties being forfeited.

15. This Consent Order shall be binding upon the successors, administrators, heirs, assigns and transferees of the Defendant and the Third Party Signatory, and shall survive any bankruptcy of the Defendant and the Third Party Signatory.

16. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Consent Order.

17. The Defendant and the Third Party Signatory shall execute all documents as required to consummate or perfect the transfer or conveyance of the properties and assets referenced in this Consent Order.

Dated: Brooklyn, New York
_____, 2005

Signed 6/20

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York

By: *(signature)*
Kenneth A. Stahl
Assistant U.S. Attorney

**CONSENTED AND AGREED TO BY:**

*(signature)* MAUREENA TURNBULL           *(signature)* Trevor Headley, Esq.
                                          Counsel for Maureena Turnbull

On the ___ day of _____, 2005, before
me, the undersigned, personally appeared Maureena Turnbull
personally known to me or proved to me on the basis of satisfactory evidence
to be the individual whose name is subscribed
to the within instrument and acknowledged to me
that he executed the same, and that by
his signature on the instrument, the individual executed
the instrument.

_____
NOTARY PUBLIC

*United States v. Maureena Turnbull*
Cr. 04-454 (JG)

CONSENTED AND AGREED TO BY:

_____  _____
ROOSEVELT TURNBULL          Peter J. Fabri, Esq.
                            Counsel for Roosevelt Turnbull

On the ___ day of ___Jun___, 2005, before
me, the undersigned, personally appeared Roosevelt Turnbull
personally known to me or proved to me on the basis of satisfactory evidence
to be the individual whose name is subscribed
to the within instrument and acknowledged to me
that he executed the same, and that by
his signature on the instrument, the individual executed
the instrument.


_____
NOTARY PUBLIC


**Dated:**


**IT IS SO ORDERED:**

s/John Gleeson
_____
HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE