*qM*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JAN 10 2006 ★

BROOKLYN OFFICE

**AMENDED JUDGMENT AS TO**
**RESTITUTION ONLY.**

**UNITED STATES OF AMERICA,**

VS.

**MAUREENA TURNBULL**

**JUDGMENT INCLUDING**
**SENTENCE**

NO.    CR 04-454-01(S-2)(JG)
USM#    70932-053

| Winston Y. Chan | Holly Driscoll | Trevor L.F. Headley, Esq. |
|---|---|---|
| Assistant United States Attorney | Court Reporter | Defendant's Attorney |

The defendant **Maureena Turnbull** having pled  guilty to count two a superseding  indictment accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| TITLE AND SECTION | NATURE OF OFFENSE | COUNT NUMBERS |
|---|---|---|
| 18USC1029(a)(2), FRAUD IN CONNECTION WITH ACCESS DEVICES | | TWO |

The defendant is sentenced as provided in pages 2 through 5 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.

_____ The defendant is advised of his/her right to appeal within ten (10) days.

_____ The defendant has been found not guilty on count(s) and discharged as to such count(s)

**X** Open  counts  are  dismissed on the  motion of the United States.

_____ The mandatory special assessment is included in the portion of Judgment that imposes a fine.

**X** It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due immediately.

It is further **ORDERED** that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

**JANUARY 11, 2006** [Date of Amended sentence]
Date of Imposition of sentence

s/John Gleeson
JOHN GLEESON, U.S.D.J.

Date of signature
A TRUE COPY ATTEST          1-19-06
DEPUTY CLERK

Vivian Klein

DEFENDANT:   **MAUREENA TURNBULL**
CASE NUMBER:   **CR 04-454-01(S-2)(JG)**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:  **TWENTY (24) MONTHS.**

_____   The defendant is remanded to the custody of the United States Marshal.

_____   The defendant shall surrender to the United States Marshal for this District.

__X__   **The Court recommends that the defendant be designated to a correctional facility that can provide mental health treatment.**

__X__   **The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.**

          __X__   **–12:00 noon, 1/27/06**_____.
          __   **As notified by the United States Marshal.**
          __   **As notified by the Probation Office.**

## RETURN

I have executed this Judgment as follows:

_____

_____

_____


Defendant delivered on _____ to _____ at _____ with a certified copy of this Judgment.

             _____
             United States Marshal

             By:_____

## SUPERVISED RELEASE

Upon release from Imprisonment, the defendant shall be on supervised release for a term of:__**THREE (3) YEARS.**__

**The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

While on supervised release, the defendant shall not commit another Federal, State, or Local crime and shall comply with the standard conditions that have been adopted by this Court (Seaforth on the following page).

The defendant is prohibited from possessing a firearm.

The defendant shall not illegally possess a controlled substance.

If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

—  The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

**THE DEFENDANT IS TO RECEIVE MENTAL HEALTH TREATMENT; MAKE FULL FINANCIAL DISCLOSURE UNDER THE DIRECTION AND SUPERVISION OF THE PROBATION DEPARTMENT AND COMPLY WITH THE ORDER OF RESTITUTION.**

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

8) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons:

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## CRIMINAL MONETARY PENALTIES

| COUNT | FINE | RESTITUTION |
|---|---|---|
| TWO | | $323,396.00 |

Defendant shall make restitution in the amount of $323,396.00. The court bases the amount of the award on the government's representation that the $300,000.00 already paid by the defendant as a forfeiture will be made available to the victims (absent that representation, the award would have been $623,396.00). The defendant shall make monthly payments at the rate of 10% of her gross income, commencing upon her release from prison. The list of victims and the amounts to be paid to each is attached hereto. The defendant's payments shall be made to the Clerk of the Court.

---

### RESTITUTION

____The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of the Title 18 for offenses committed on or after 9/13/1998, until _____. an amended judgment in a Criminal case will be entered after such determination.

__X__ The defendant shall make restitution to the following payees in the amounts listed below.
**See attachment**

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

**TOTALS:** 323,396.00
Findings for the total amount of losses are required under Chapters 109A, 110,110A, 113A of the Title 18 for offenses committed on or after September 13, 1998.

| | |
|---|---|
| HSBC | $33,150 |
| Bank of America | $96,400 |
| Capital One | $13,022 |
| Discover | $149,692 |
| Direct Merchants | $22,870 |
| Citigroup | $77,608 |
| Chase | $30,341 |
| American Express | $116,665 |
| Bank One | $75,148 |
| Marshall Bank First | $8,500 |
| Total | $623,396 |